UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS ROSAS-NUNEZ AKA JOSE MANUEL NUNEZ-ROSAS,<br><br>                                    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Respondent. | Case No.:  3:16-cv-01415-BEN<br>                    3:14-cr-01255-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Movant, Elias Rosas-Nunez, also known as Jose Manuel Nunez-Rosas, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.  Respondent, the United States, filed a response, opposing the motion.  For the reasons set forth below, this Court **DENIES** Movant's Motion.

### BACKGROUND

On May 1, 2014, Movant waived indictment and was charged by a criminal information with attempted reentry of a previously deported alien in violation of 8 U.S.C. § 1326.  (Docket Nos. 9, 10).[1]  Movant pleaded guilty to the charged offense.  (Docket Nos. 40, 44).  The plea agreement included a waiver of appeal and collateral attack, "except for a post-conviction collateral attack based on a claim of ineffective assistance

---

[1] All docket citations refer to the criminal case docket, No. 14-cr-1255.

1

of counsel, unless the Court imposes a custodial sentence above 70 months." (Docket No. 39). The parties agreed to jointly recommend Movant be sentenced to 70 months in custody. (*Id.*) The factual basis for the plea also included an admission that on or about February 21, 2001, Movant was convicted of a felony for willful infliction of corporal injury upon a spouse or cohabitant in violation of California Penal Code section 273.5(a). (*Id.*) The parties agreed that there should be a +16 upward adjustment in sentencing under U.S.S.G. § 2L1.2(b)(1). (*Id.*)

Prior to sentencing, the presentence investigation report revealed that Movant's criminal history "dates back 25 years and consists of multiple felony convictions for offenses including cultivating marijuana, purchase/possession of cocaine for sale, assault with a deadly weapon, possession of a controlled substance, inflicting corporal injury on a spouse, and illegal reentry after deportation." (Docket No. 43 at 15). The report concurred that a 16-level enhancement was applicable under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for committing a crime of violence. (*Id.* at 6). The report stated that the advisory guideline range for a custodial sentence was 77 to 96 months. (*Id.* at 15) This Court ultimately sentenced Movant to 70 months in custody and a term of supervised release of three years. (Docket No. 51).

On June 8, 2016, Movant filed the instant motion. (Docket No. 52). His filing is captioned as a "Notice of Timely *Johnson* Retroactivity Claim and Preservation of Right Filed Defensively." (*Id.*) The full extent of his motion states that he has "file[d] this *Johnson* retroactivity claim in a timely fashion, with-in [sic] one year of the Supreme Court ruling [in *Johnson v. United States*, 135 S. Ct. 2551 (2015)] . . . as a general objection to all unconstitutional vagueness in his conviction, with an explicit reservation of the right to amend for specificity upon collateral review." (*Id.*)

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by

law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION[2]

Movant's motion fails because he validly waived his right to collaterally attack his sentence. The record discloses no issues as to the voluntariness of Movant's plea. And, contrary to his contentions, his sentence was not unconstitutionally enhanced under *Johnson.* In *Johnson*, the Supreme Court considered language in the Armed Career Criminal Act ("ACCA"). The ACCA imposes a mandatory minimum sentence of 15 years for a defendant who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). The Supreme Court examined the definition of "violent felony" and held that a portion of that definition known as the "residual clause" is void for vagueness. Imposing an increased sentence under the residual clause of the definition of "violent felony" violates the Constitution's guarantee of due process. 135 S. Ct. at 2563. The Supreme Court expressly confined its holding to this particular portion of the statute and confirmed that its holding does not apply to the "serious drug offense" clause or the remainder of the "violent felony" definition. *Id.*

But *Johnson* is not applicable because Movant was not sentenced under the residual clause of the violent felony definition of the ACCA. *See United States v. Ruiz-Diaz*, 668 F. App'x 289, 290 (9th Cir. 2016) ("Because the [sentencing] enhancement was not predicated on a residual clause like the one struck down in *Johnson*, there is no arguable issue as to whether [defendant's] sentence is illegal."). Rather, he was

---

[2] The Court determines there is no need for an evidentiary hearing.

sentenced pursuant to § 2L1.2(b)(1) of the U.S. Sentencing Guidelines. Movant, in fact, agreed to the 16-level upward adjustment for his admitted prior crime of violence. *See United States v. Mora-Duardo*, No. 14-cr-3598-GPC, 2017 WL 2664194, at *3 (S.D. Cal. June 20, 2017) (denying § 2255 petition based on *Johnson* because petitioner was sentenced under § 2L1.2(b), rather than the residual clause of the ACCA).

Movant's motion may be construed as challenging the U.S. Sentencing Guidelines as unconstitutionally vague based on the same reasoning as *Johnson*. (*See* Mot. at 1 (asserting "a general objection to all unconstitutional vagueness in his conviction")). However, the Supreme Court rejected such an argument earlier this year. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the federal sentencing guidelines are not subject to vagueness challenges under the due process clause. *Id.* at 890, 892, 895.

As there are no arguable grounds as to whether Movant's sentence is illegal, the Court enforces the collateral attack waiver. *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)). Alternatively, Movant's motion is denied on the merits.

## CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: September 27, 2017

Hon. Roger T. Benitez
United States District Judge

4